I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:  s/R Schumitsh
Deputy Clerk

# UNITED STATES JUDICIAL PANEL
# on
# MULTIDISTRICT LITIGATION

**IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| James M. Benson v. DePuy Orthopaedics, Inc., et al., | ) | |
| D. Nevada, C.A. No. 2:13-00713 | ) | MDL No. 2197 |

## TRANSFER ORDER

    **Before the Panel:**  Pursuant to Panel Rule 7.1, plaintiff in a District of Nevada action (*Benson*) moves to vacate our order that conditionally transferred his action to MDL No. 2197.  Responding defendants[1] oppose the motions to vacate.

    After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2197, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for reasons set out in our order directing centralization.  In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's recalled ASR XL Acetabular Hip System.  *See In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, 753 F. Supp. 2d 1378  (J.P.M.L. 2010).  This action involves injuries from implantation of a DePuy ASR hip implant and clearly falls within the MDL's ambit.

    Plaintiff does not dispute that his action shares questions of fact with actions pending in MDL No. 2197.  Plaintiff instead bases his arguments against transfer primarily on the pendency of his motion to remand the action to state court.[2]  Plaintiff can present his motion for remand, if he chooses to refile one, to the transferee judge.  *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

    [1]  DePuy Orthopaedics, Inc., and DePuy International Ltd.(collectively DePuy); Johnson & Johnson, Johnson & Johnson International, Johnson & Johnson Services, Inc.; and Precision Instruments, Inc.

    [2]  After plaintiff filed his motion to vacate, the transferor judge in *Benson* stayed the action pending transfer to the MDL and denied the motion to remand without prejudice.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |